UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEROME M. BELL,

                              Plaintiff,

    -against-                                    9:18-CV-0814 (LEK/DEP)

TROMBLEE, *et al.*,

                              Defendants.

## DECISION AND ORDER

### I.    INTRODUCTION

Pro se plaintiff Jerome M. Bell commenced this civil rights action pursuant to 42 U.S.C. § 1983 on July 11, 2018. Dkt. No. 1 ("Complaint"). Plaintiff, who is currently incarcerated at Oneida County Correctional Facility ("Oneida C.F."), alleges violations of his First, Eighth, and Fourteenth Amendment rights arising out of his confinement at Delaware County Jail ("Delaware C.J."). Id. Plaintiff sought leave to proceed in forma pauperis ("IFP"). Dkt. No. 5 ("IFP Application"). On August 20, 2018, the Court granted Plaintiff's IFP Application, but dismissed the Complaint for failure to state a claim upon which relief may be granted. Dkt. No. 7 ("August Order"). However, in light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint. Id. at 12. Now before the Court is the amended pleading Plaintiff submitted in compliance with that order. Dkt. No. 9 ("Amended Complaint").

### II.    LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A was discussed at length in the August Order. See Aug. Order at 2–4. It will not be restated here.

## III. SUMMARY OF THE AMENDED COMPLAINT

In its entirety, Plaintiff's Amended Complaint consists of eleven pages. The last nine pages appear to be an exact copy of that portion of the original Complaint that set forth Plaintiff's factual allegations and claims for relief. Compare Compl. at 3–11 with Am. Compl. at 3–11. Those allegations and claims were described at length in the August Order.

Only the first two pages of the Amended Complaint set forth any novel factual allegations. There, Plaintiff alleges that defendant Correctional Officer Cammer verbally abused and harassed Plaintiff while he was in the shower by making comments about his "private area." Am. Compl. at 1. In addition, Plaintiff realleges that defendant Correctional Officer Tromblee "use[d] excessive force by forc[]ing [Plaintiff]," while shackled at the wrists and ankles, to walk through the prison's hallways. Id. Plaintiff now claims that Tromblee's actions "cause[d] swelling to [his wrists] and swelling and pain to [his] ankle." Id. Finally, Plaintiff alleges that defendants Lt. Stanton and John Demayo were personally involved in the decision to transfer Plaintiff to solitary confinement, where Plaintiff remained for approximately forty days without telephone privileges, non-contact visits, library access, or recreation. Id. He further alleges that Stanton and Demayo only transferred Plaintiff after speaking with certain correctional officers from Broome County Jail ("Broome C.J.")—officers who were Stanton's and Demayo's relatives—who wanted to retaliate against Plaintiff for something that happened during his confinement at Broome C.J. Id.

Construing the Amended Complaint liberally, Plaintiff now asserts the following claims: (1) an Eighth or Fourteenth Amendment excessive force claim against Tromblee; (2) an Eighth or Fourteenth Amendment claim related to Cammer's verbal and/or sexual harassment; (3) First

Amendment retaliation claims against Demayo and Stanton; and (4) Fourteenth Amendment due process claims against Demayo and Stanton.

## IV. DISCUSSION

Section 1983 "provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting § 1983). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

### A. Excessive Force—Tromblee

The law related to Eighth and Fourteenth Amendment excessive force claims was discussed in the August Order; it will not be restated here. See Aug. Order at 6–7. There, the Court decided to dismiss Plaintiff's excessive force claim against Tromblee, holding that

> Plaintiff's allegations fail to plausibly suggest that Tromblee subjected Plaintiff to excessive force. Plaintiff states only that Tromblee "violently shackle[d]" Plaintiff's feet, made Plaintiff "walk[] . . . fast," and made Plaintiff "kneel on the hard metal." Compl. at 8–9. Plaintiff does not suggest that he suffered any injury as a result of this incident. Nor does he describe any acts that indicate that Tromblee employed an unreasonable amount of force, or that Tromblee's actions violated "contemporary standards of decency."

Id. at 7 (citations omitted).

Although the Amended Complaint now includes some details about the injuries Plaintiff allegedly suffered as a result of Tromblee's use of handcuffs, it still fails to satisfy initial review. As recognized in the August Order, "overly tight handcuffing can constitute excessive force." Lynch ex rel. Lynch v. City of Mount Vernon, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008).

3

However, "'[i]n evaluating the reasonableness of handcuffing, a Court is to consider evidence that: [1] the handcuffs were unreasonably tight; [2] the defendants ignored the [plaintiff's] pleas that the handcuffs were too tight; and [3] the degree of injury to the wrists.'" Id. (quoting Esmont v. City of New York, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005) (second alteration in original). Although a liberal reading of the Amended Complaint could allow for the inference that the handcuffs were unreasonably tight given Plaintiff's recent return from the hospital, Plaintiff nowhere asserts that he complained about the handcuffs and/or that Tromblee ignored those complaints. Plaintiff's excessive force claim against Tromblee will therefore be dismissed. See Esmont, 371 F. Supp. 2d at 215 (finding that a plaintiff could not "establish an excessive force claim based on tight handcuffing in the absence of a request to loosen them").

### B. Sexual Harassment—Cammer

Liberally construed, the Amended Complaint alleges that on some unknown date, Cammer sexually abused him by making harassing comments to Plaintiff about his genitalia. Am. Compl. at 1.

Because the Amended Complaint does not state whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the alleged harassment, the Court cannot be sure whether to analyze his claim against Cammer under the Due Process Clause of the Fourteenth Amendment or the Cruel and Unusual Punishment Clause of the Eighth Amendment. City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). But "[o]rdinarily, the standard

applied under either clause is identical." Holland v. City of New York, 197 F. Supp. 3d 529, 545 (S.D.N.Y. 2016) (citing Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009).

"Because sexual abuse of a prisoner by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d 252, 256–57 (2d Cir. 2015). However, "there has been no case" in the Second Circuit "in which a plaintiff ha[s] established an actionable [Eighth Amendment] claim of sexual harassment . . . without having physical contact with the alleged perpetrator, or without, at the very least, alleging egregious sexual conduct." Holland, 197 F. Supp. 3d at 547. Accordingly, because Plaintiff's sexual harassment claim against Cammer does not allege behavior that was so "severe and repetitive" to constitute "cruel and unusual punishment," Crawford, 796 F.3d at 256, it will also be dismissed.

### C. Retaliation—Demayo and Stanton

The law related to § 1983 retaliation claims was discussed in the August Order; it will not be restated here. See Aug. Order at 8. There, the Court dismissed Plaintiff's retaliation claim against Stanton, holding that

> Plaintiff's claim . . . fails because Plaintiff fails to allege a causal connection between his protected activity and Stanton's alleged retaliation. Plaintiff alleges that, shortly after he was transferred from Broome C.J. to Delaware C.J., he told a nurse that an officer "beat [him] up" when he was confined at Broome C.J. Compl. at 4.

5

> Plaintiff then alleges that, five days after he made his statement to the nurse, Stanton charged Plaintiff with formulating an escape plan, and Plaintiff was subsequently ticketed and placed in solitary confinement. Id. at 6. Even if the Court considered Plaintiff's statement to the nurse to constitute protected activity, Plaintiff alleges no facts creating an inference that Stanton was aware of this statement when he charged Plaintiff. Nor does Plaintiff allege that Stanton said or did anything to suggest that his decision to charge Plaintiff was motivated by retaliatory animus. Accordingly, Plaintiff has failed to allege causation, and his claim against Stanton is dismissed without prejudice.

Aug. Order at 8–9 (citation omitted). None of the new allegations in the Amended Complaint alleviate the deficiencies identified in the August Order.

The Amended Complaint alleges that Demayo's and Stanton's decision to place Plaintiff in solitary confinement resulted from their "contact with Broome County Jail and the officers there," who were related to Demayo and Stanton and who wanted to "punish [Plaintiff] for something that happen[ed]" during his confinement at that facility. Am. Compl. at 1. However, the Amended Complaint does not explain what the Broome C.J. officers wanted to "punish" Plaintiff for, nor does it tie the Broome C.J. officers' behavior to the complaint Plaintiff made to the unidentified Delaware C.J. nurse. Finally, and most importantly, the Amended Complaint does not claim that whatever Plaintiff did constituted "protected conduct," as required to prevail on a First Amendment claim. Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009); see also Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) ("[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone."). As a result, Plaintiff's retaliation claims against Demayo and Stanton will be dismissed.

6

### D. Due Process—Demayo and Stanton

Once again, the law related to due process claims was discussed in the August Order and will not be restated here. See Aug. Order at 10–11. In that order, the Court dismissed Plaintiff's due process claims because the Complaint failed to state the length of his solitary confinement or to describe any "severe or otherwise atypical" conditions that he endured while so confined. Id. at 11.

In the Amended Complaint, Plaintiff now alleges that he was kept in solitary confinement at Delaware C.J. for forty days. Am. Compl. at 1. Forty days is not a period of time that, in and of itself, infringes a liberty interest. See McEachin v. Selsky, No. 04-CV-83, 2010 WL 3259975, at *9 (N.D.N.Y. Mar. 30, 2010), report and recommendation adopted, 2010 WL 3259982 (Aug. 17, 2010) (finding that a plaintiff's "confinement in [solitary] for forty (40) days, under normal [] conditions, did not implicate any liberty interest derived directly from the Due Process clause"). Thus, Plaintiff's due process claim will only survive initial review if the Amended Complaint describes atypical or severe conditions of solitary confinement that Plaintiff endured during those forty days. Sandin v. Conner, 515 U.S. 472, 493 (1995).

The Amended Complaint states only that Plaintiff was placed in solitary confinement without telephone privileges, non-contact visits, library access, or recreation. Am. Compl. at 1. Even assuming that those conditions "were less than ideal, [Plaintiff] has not shown that they were so atypical compared to ordinary prison life as to give rise to a protected liberty interest, particularly in light of the relative brevity of that [solitary] confinement." Allah v. Poole, 506 F. Supp. 2d 174, 191 (W.D.N.Y. 2007); see also Frazier v. Coughlin, 81 F.3d 313, 315 (2d Cir. 1996) (holding that thirty days loss of commissary, recreation, and package and phone privileges

7

as a result of plaintiff's placement in solitary confinement "did not amount to the 'type of atypical, significant deprivation in which [New York] might conceivably create a liberty interest'" (alteration in original) (quoting Sandin, 515 U.S. at 486)).

Therefore, because Plaintiff has failed to plead any facts plausibly suggesting that his confinement in solitary confinement imposed an atypical and significant hardship, his due process claims will also be dismissed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint (Dkt. No. 9) is **DISMISSED without prejudice** in accordance with 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk shall enter judgment accordingly, and is directed to close this case; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

DATED:    November 15, 2018
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge